# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 24, 2011

Lyle W. Cayce
Clerk

No. 10-40555
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

VICTOR MANUEL MARIN-GUTIERREZ,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:09-CR-2087-1

Before JOLLY, GARZA, and STEWART, Circuit Judges.

PER CURIAM:[*]

Victor Manuel Marin-Gutierrez (Gutierrez) appeals the 42-month prison sentence imposed following his guilty plea conviction for attempted illegal reentry after a previous deportation. As a threshold matter, Gutierrez argues that a presumption of reasonableness should not apply to his within-guidelines sentence on appellate review because the Guideline upon which it is based, U.S.S.G. § 2L1.2, is penologically flawed and not the result of empirical evidence or study. As Gutierrez acknowledges, this argument is foreclosed. *See United*

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-40555

*States v. Mondragon-Santiago*, 564 F.3d 357, 366-67 (5th Cir.), *cert. denied*, 130 S. Ct. 192 (2009); *see also United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir.), *cert. denied*, 130 S. Ct. 378 (2009).

Gutierrez asserts that, even if the presumption of reasonableness applies, it is rebutted by the facts and circumstances of this case.  The district court considered and rejected Gutierrez's arguments for a sentence below his advisory guidelines range.  With reference to the sentencing factors set forth in 18 U.S.C. § 3553(a) and after consideration of the arguments made in support of a sentence below Gutierrez's guidelines range, the court determined that a sentence within the range was indicated.  Gutierrez has not rebutted the presumption of reasonableness attaching to his within-guidelines sentence on appellate review. *United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008); *United States v. Rodriguez*, 523 F.3d 519, 526 (5th Cir. 2008).  The district court did not abuse its discretion by ordering a within-guidelines sentence. *See Gall v. United States*, 552 U.S. 38, 51 (2007).

Gutierrez also argues that the written judgment incorrectly states that his offense of conviction is illegal reentry rather than attempted illegal reentry.  He requests a remand to correct the judgment.  We remand to the district court for the limited purpose of correcting the judgment to reflect the correct offense of conviction.

AFFIRMED; REMANDED FOR LIMITED PURPOSE OF CORRECTING JUDGMENT.